UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF ADRIENNE ANNE NETA,** *et al.*,<br><br>    **Plaintiffs,**<br><br>        v.<br><br>**ISLAMIC REPUBLIC OF IRAN,** *et al.,*<br><br>    **Defendants.** | Civil Action No. 24-1914 (JEB) |

## MEMORANDUM OPINION AND ORDER

On October 7, 2023, Hamas terrorists conducted a coordinated attack against civilians and military personnel in Israel. See ECF No. 1 (Compl.), ¶ 1. Plaintiffs are numerous victims of that attack and their immediate family members currently located in Israel, Gaza, and the United States. Id., ¶ 9. In July 2024, they initiated this lawsuit against Defendants Islamic Republic of Iran, Syrian Arab Republic, and Democratic People's Republic of Korea seeking damages for Defendants' alleged involvement in the massacre. Id., ¶¶ 9, 186–200. Plaintiffs now move to file a Complaint that omits the names and addresses of some of the 130 Plaintiffs and for leave for those Plaintiffs to proceed pseudonymously for the remainder of the suit. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

1

## I. Legal Standard

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

As an initial matter, Local Civil Rule 5.1(c)(1) already authorizes parties who do not wish to have their residential addresses appear on the public docket to "omit the address and simultaneously file under seal a notice containing" it.  Plaintiffs have done so in Exhibit A to their Motion.  See ECF No. 3-2 (List of Identities).  The Court will, accordingly, grant the request to omit addresses without further showing.

As for the use of pseudonyms, the Court finds at this early stage that Plaintiffs have met their burden to show that their privacy and safety interests outweigh the public's presumptive and substantial interest in learning their identities.

The first factor supports granting the Motion.  Plaintiffs do not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature."  Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  Those requesting pseudonymity all share a concern of being targeted by Hamas, Defendants, or other terrorist actors for their participation in this litigation.  See ECF No. 3 (Mot.) at 6–7.  That concern is well founded as "terrorists and other violent extremists continue plotting possible attacks in Israel, the West Bank, and Gaza." Israel, the West Bank and Gaza Travel Advisory, United States Dep't of State (Jun. 27, 2024), https://perma.cc/37B2-VYF5.  Some who "are serving in the Israeli Defense Forces, or have family members who are serving in the [IDF], including in Gaza, or may soon" be deployed in Gaza, "have even more reason to fear."  Mot. at 7.  Given such potential developments, Plaintiffs' identities and whereabouts are particularly sensitive.  At bottom, their fears exceed mere annoyance or criticism.

For essentially the same reason, the second factor concerning the "risk of retaliatory physical or mental harm" to Plaintiffs and to "innocent non-parties" also favors proceeding under a pseudonym.  In re Sealed Case, 971 F.3d at 326 (citation omitted).  Plaintiffs themselves are at risk of retaliatory physical harm, and "loved ones, who are innocent non-parties," Mot. at 7–8 (presumably referring to those stationed in, or soon to be deployed to, Gaza), share that risk.

As to the third factor, several of the Plaintiffs who seek to proceed pseudonymously are listed as minors in the Complaint.  See, e.g., Compl., ¶¶ 46–47.  This factor straightforwardly favors such treatment as to them.  As to whether the identities of the other Plaintiffs seeking to use a pseudonym implicates the privacy interests of any minors, however, Plaintiffs' Motion is unhelpfully quiet.  From what the Court can glean, however, Plaintiffs do not contend that the privacy interests of minors are implicated as to those Plaintiffs.  See Mot. at 8 (seemingly conceding that factor three "may [either] weigh slightly against granting plaintiff's motion . . . [or] weigh[] neither for nor against [the] motion") (cleaned up); see also id. (citing Maxwell v. Islamic Republic of Iran, 22-173, ECF No. 2 (Mem. and Order) at 6 (D.D.C. Jan. 19, 2022) ("does not involve the privacy interests of any minor children").  Factor three thus weighs against granting the Motion as to them.

The fourth factor adds no significant weight to either side of the scale.  A "heightened public interest" in disclosure applies "'when an individual or entity files a suit against the government,' particularly in a manner that may 'alter the operation of public law.'"  Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (quoting In re Sealed Case, 971 F.3d at 329).  Regardless of whether that reasoning extends to suits against foreign governments, no heightened public interest attaches here.  There is nothing about the nature of these proceedings that creates any need for transparency with respect to Plaintiffs' identities or

addresses.  Cf. In re Sealed Case, 971 F.3d at 329 (describing public interest as "intensified" where regulated entity sued government agency regarding "operation of a statutory program"). Plaintiffs in this case "seek to vindicate their [own] rights[,] . . . and anonymity appears to be necessary to provide them the opportunity to do so." Asylum Seekers Trying to Assure Their Safety v. Johnson, 2023 WL 417910, at *4 (D.D.C. Jan. 26, 2023) (addressing fourth factor).

Fifth and finally, Defendants (all foreign states) often elect not to defend suits brought under the Terrorism Exception to the Foreign Sovereign Immunities Act, such as this one.  The Court, consequently, cannot conclude at this juncture that there would be a "risk of unfairness" to them if the Motion were granted.  In re Sealed Case, 971 F.3d at 326 n.1.  If any Defendant responds in this case, "it may request the disclosure of any information that it deems necessary to the full and fair defense of the case, and plaintiffs will be free to oppose the disclosure of that information." Maxwell (Mem. and Order) at 6.

The Court accordingly ORDERS that:

1. Plaintiff's Motion for Leave to File Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; and

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: July 29, 2024