UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF ADRIENNE ANNA NETA**, *et al.*,<br><br>　　　　　　　**Plaintiffs**,<br>　v.<br><br>**ISLAMIC REPUBLIC OF IRAN,** *et al.*,<br><br>　　　　　　　**Defendants.** | Civil Action No.:  1:24-cv-01914-RCL |

**STATUS REPORT REGARDING STEPS TAKEN TO EFFECT SERVICE**

　　　Pursuant to the Court's Minute Order of August 5, 2024, Plaintiffs, through undersigned counsel, submit this second status report in the above-captioned matter.  As described more fully below, service via mail to each Defendant has been unsuccessful.  Plaintiffs attempted to effectuate service via mailing pursuant to 28 U.S.C. § 1608(a)(3) on foreign sovereign Defendants the Islamic Republic of Iran ("Iran"), the Syrian Arab Republic ("Syria"), and the Democratic People's Republic of Korea ("North Korea", and collectively with Iran and Syria, "Defendants").  With assistance from the Clerk of the Court, Plaintiffs mailed each Defendant the summons, complaint, notice of suit, and translation of each into the official language of the relevant Defendant. However, service to Iran and Syria has failed, and the status of service to North Korea is indeterminate.

　　　Plaintiffs will be prepared to proceed with service via diplomatic means pursuant to 28 U.S.C. § 1608(a)(4) on October 7, 2024 because (i) service could not be made via mailing under U.S.C. § 1608(a)(3), and/or (ii) 30 days will have elapsed since service via mailing was attempted.  *See* § 1608(a)(4).

**Background.** Plaintiffs were killed or injured as a result of the October 7, 2023 terrorist attack in southern Israel (the "Attack"), or are immediate family members of individuals who were killed or injured in the Attack. Plaintiffs filed their Complaint against Defendants Iran, Syria, and North Korea on July 1, 2024, seeking money damages for their personal injury and/or wrongful death claims arising out of the Attack. *See* ECF No. 1. Plaintiffs filed an Amended Complaint on August 14, 2024. ECF No. 6.

**Service.** The summonses to Defendants were issued on July 29, 2024. ECF No. 3. On August 30, 2024, shortly after filing the Amended Complaint, Plaintiffs initiated service on Defendants pursuant to 28 U.S.C. § 1608(a)(3), as service under 28 U.S.C. §§ 1608(a)(1) and 1608(a)(2) is unavailable. ECF Nos. 7, 8. As of September 6, 2024, Plaintiffs had taken all steps necessary to effectuate service under § 1608(a)(3). On that date, the Court mailed the required materials to Defendants Iran and Syria via DHL, and Plaintiffs' counsel mailed the service materials to Defendant North Korea via USPS. For each package, the Clerk's Office docketed a Certificate of Clerk and waybill showing that the materials were dispatched. ECF Nos. 14, 15, 16.

Despite Plaintiffs' efforts, service pursuant to 28 U.S.C. § 1608(a)(3) has so far been unsuccessful. Service by mail on Defendants Iran and Syria has failed; Plaintiffs are unable to confirm the status of service by mail on Defendant North Korea but expect that it will not be completed within 30 days from the date it was initiated.

The service materials for Defendants Iran and Syria were deemed undeliverable by the shipper and returned to Plaintiffs' counsel's office on September 11, 2024, and September 12, 2024, respectively. As noted in the previous status update, this is consistent with recent attempts to serve Iran and Syria. *See, e.g.*, *Shatsky v. Syrian Arab Republic*, No. 1:08-cv-00496-RJL,

2024 WL 1091803, at *8 (D.D.C. Mar. 12, 2024) (finding that service of process on Syria via 1608(a)(3) was unsuccessful).

With regard to the service materials mailed to Defendant North Korea, the waybill attached to the Certificate of Clerk provides proof of mailing, *see* ECF No. 16-1, but USPS is unable to provide tracking information or status updates other than the waybill.  Plaintiffs understand that this is also consistent with recent attempts in other cases to effect service on North Korea.  *See, e.g.*, Status Report for Plaintiff at 4, *Bae v. Democratic People's Republic of Korea*, No. 1:20-cv-02260-EGS (D.D.C. July 12, 2023), ECF No. 29.

As of October 6, 2024, 30 days will have elapsed since Plaintiffs attempted to effectuate service under § 1608(a)(3).  Per the statute, "if service cannot be made within 30 days under paragraph (3)," Plaintiffs shall proceed to attempt to effectuate service through diplomatic channels.  28 U.S.C. § 1608(a)(4).  Despite Plaintiffs' efforts, service on Defendants Iran and Syria has failed, and Plaintiffs expect that there will be no indication before October 6 (and likely no indication at any time) that service on North Korea has succeeded.

Accordingly, Plaintiffs will be prepared to begin service via diplomatic means pursuant to 28 U.S.C. § 1608(a)(4) to all Defendants on October 7, 2024.  Plaintiffs will prepare the appropriate documentation for the Court Clerk to dispatch to the Secretary of State in Washington, DC.  Plaintiffs anticipate that service via diplomatic means may not be possible as to at least one Defendant, as it appears that recent attempts to serve North Korea by such means have failed.  *See, e.g.*, Status Report for Plaintiff at 4, *Bae v. Democratic People's Republic of Korea*, No. 1:20-cv-02260-EGS (D.D.C. July 12, 2023), ECF No. 29.  Should diplomatic service prove to be impossible, Plaintiffs will then request that this Court approve service on North Korea by appropriate alternate methods.  *See id*. at 6.

Plaintiffs will provide a further status report within 30 days of this submission, as directed by the Court's Minute Order of August 5, 2024.

Dated:   October 4, 2024

Respectfully submitted,

/s/ *Aryeh S. Portnoy*
Aryeh S. Portnoy, D.C. Bar No. 464507
John L. Murino, D.C. Bar No. 484818
Emily M. Alban, D.C. Bar No. 977035

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 624-2500

/s/ *James Pasch*
James Pasch (OH #0086809) (*pro hac vice* application pending)

ANTI-DEFAMATION LEAGUE
605 Third Avenue
New York, NY  10158-3650
Tel:  212-885-5806
Email:  jpasch@adl.org

*Attorneys for Plaintiffs*