UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF ADRIENNE ANNE NETA**, *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br>**ISLAMIC REPUBLIC OF IRAN,** *et al.*,<br><br>**Defendants.** | Civil Action No.: 1: 24-cv-01914-RCL |

## REQUEST FOR AN ENTRY OF DEFAULT AGAINST ALL DEFENDANTS

**TO THE CLERK OF COURT:**

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiffs, by and through undersigned counsel, hereby request that the Clerk of Court enter default against Defendants the Islamic Republic of Iran ("Iran"), the Syrian Arab Republic ("Syria"), and the Democratic People's Republic of Korea ("North Korea", together with Iran and North Korea, "Defendants", and each a "Defendant").

Plaintiffs filed a Complaint against Iran, Syria, and North Korea on July 1, 2024. *See* Dkt. No. 1. Plaintiffs filed an Amended Complaint against Defendants on August 14, 2024. *See* Dkt. No. 6. Plaintiffs then attempted to effect service on Defendants pursuant to 28 U.S.C. § 1608(a)(3). On August 30, 2024, pursuant to 28 U.S.C. § 1608(a)(3), Plaintiffs requested the Clerk of the Court to mail a copy of the Summons, Complaint, Notice of Suit, and translations of each into the official language of the relevant Defendant sovereign (the "Service Documents"), to the heads of the ministries of foreign affairs. *See* Dkt. Nos. 11-13. Shortly thereafter, on September 6, 2024, the Clerk certified mailing of the Service Documents via DHL to Iran and

Syria and via the United States Postal Service to North Korea. *See* Dkt. Nos. 14-16.

On September 11, 2024, DHL returned to Plaintiffs the Service Documents mailed to Iran. *See* Dkt. No. 18, Ex. 1. The next day, September 12, 2024, DHL also returned to Plaintiffs the Service Documents mailed to Syria. *See* Dkt. No. 18, Ex. 2.

After more than 30 days had elapsed following the Clerk's mailing of the Service Documents to North Korea, the USPS tracking information showed that the package had been released from U.S. customs at some point on or after September 8, 2024, but there had been no further update for over six weeks.[1]

Plaintiffs were not (and are not) aware of any other means of mailing which could be used by the Clerk of the Court to effect service pursuant to 28 U.S.C. § 1608(a)(3). Plaintiffs thus were unable to effect service by mail on any of the Defendants pursuant to that section. *See also* Dkt. No. 18.

Plaintiffs next arranged for service to be initiated pursuant to 28 U.S.C. § 1608(a)(4). *See* Dkt. No. 21. On November 19, 2024, in accordance with that section and Plaintiffs' request for diplomatic service, the Clerk of the Court mailed the Service Documents to the U.S. Department of State for service on all Defendants. *See* Dkt. No. 22.

Plaintiffs learned soon afterward that Iran and Syria had each appointed new foreign ministers and therefore began service anew on those Defendants. Accordingly, Plaintiffs requested the Court to reissue the Summonses to Iran and Syria and to dispatch the Service Documents with the reissued Summonses to those Defendants via mailing in accordance with 28 U.S.C. § 1608(a)(3). *See* Dkt. Nos. 28-29, 32. The Clerk of the Court reissued the Summonses on

---

[1] USPS later returned to Plaintiffs the Service Documents mailed to North Korea, further confirming that service on North Korea pursuant to 28 U.S.C. § 1608(a)(3) was not possible.

January 22, 2025, and mailed a copy of the updated Service Documents to Iran and Syria by DHL on February 19, 2025. *See* Dkt. Nos. 30, 33. On February 21, 2025, DHL returned the Service Documents mailed to Iran and Syria, *see* Dkt. No. 34, Exs. 1-2, and Plaintiffs received the returned Service Documents on February 28, 2025, *see* Dkt. No. 34. Plaintiffs were thus unable to effect service by mail on Iran and Syria pursuant to 28 U.S.C. § 1608(a)(3) for a second time. *See* Dkt. 34.

Plaintiffs again arranged for service to be initiated on Iran and Syria pursuant to 28 U.S.C. § 1608(a)(4). *See* Dkt. Nos. 35, 37. On March 7, 2025, in accordance with that section and Plaintiffs' request, the Clerk of the Court mailed the updated Service Documents to the U.S. Department of State for service on Iran and Syria . *See* Dkt. No. 38.

The Service Documents have now been delivered to all Defendants pursuant to 28 U.S.C. § 1608.

Iran was served with the reissued Summons, Complaint, and Notice of Suit, in both English and Farsi, via diplomatic channels on April 16, 2025. *See* Dkt. No. 42.

North Korea was served with the Summons, Complaint, and Notice of Suit, in both English and Korean, via diplomatic channels on September 11, 2025. *See* Dkt. No. 49.

Syria was served with the reissued Summons, Complaint, and Notice of Suit, in both English and Arabic, via diplomatic channels on October 6, 2025. *See* Dkt. No. 52.

Accordingly, service pursuant to 28 U.S.C. § 1608(a)(4) has been effected on all Defendants.

Under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(d), the Defendants, as foreign states, were required to file an Answer or other responsive pleading within 60 days of service, which is to say the deadlines were as follows:

- **Iran**—on or before June 15, 2025;
- **North Korea**—on or before November 10, 2025; and
- **Syria**—on or before December 5, 2025.

To this date, no Defendant has filed an Answer or any other responsive pleading, and no extension has been granted.

In light of the foregoing, and the entire record in this matter, the Plaintiffs, by and through their undersigned counsel, hereby request the Clerk of Court to enter default in this case against all three Defendants: the Islamic Republic of Iran, the Syrian Arab Republic, and the People's Republic of Korea.

A proposed form of Entry of Default is attached.

Dated: February 25, 2026                    Respectfully submitted,

*/s/ Aryeh S. Portnoy*
Aryeh S. Portnoy, D.C. Bar No. 464507
John L. Murino, D.C. Bar No. 484818
Emily M. Alban, D.C. Bar No. 977035

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 624-2500

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF ADRIENNE ANNE NETA**, *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br>**ISLAMIC REPUBLIC OF IRAN,** *et al.*,<br><br>**Defendants.** | Civil Action No.: 1: 24-cv-01914-RCL |

## ENTRY OF DEFAULT

Plaintiffs' Amended Complaint in this matter having been filed on August 15, 2024, and having been properly served in accordance with the relevant provisions of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(4), on Defendant the Islamic Republic of Iran on April 16, 2025, on Defendant the Democratic People's Republic of Korea on September 11, 2025, and on Defendant the Syrian Arab Republic on October 6, 2025, an Answer or other responsive pleading was due from Defendant the Islamic Republic of Iran on or before June 15, 2025, from Defendant the Democratic People's Republic of Korea on or before November 10, 2025, and from Defendant the Syrian Arab Republic on or before December 5, 2025.

No such pleading having been filed by any of the Defendants, and no extension having been granted, it is hereby declared that all Defendants, the Islamic Republic of Iran, the Democratic People's Republic of Korea, and the Syrian Arab Republic, are in default.

_____                                        _____
Date                                                                                      For the Clerk of Court

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system on February 25, 2026.  The Defendants in this action could not be sent a copy of the foregoing as they have not yet entered an appearance and/or have not acknowledged other efforts to contact them in this case or others similar to it.

                                                                     */s/ Aryeh S. Portnoy*
                                                                     Aryeh S. Portnoy